No. 2681.—Liquidator of the Clinton and Port Hudson Railroad Company *v.* Samuel Lee.

A judgment ordering the liquidator of the Clinton and Port Hudson Railroad Company, an insolvent corporation, to collect, forthwith, sufficient funds to pay the creditors and bondholders of the corporation, is not a moneyed judgment and is not prescribed by the lapse of ten years without reinscription or revival.

A compromise entered into between the liquidator of the Clinton and Port Hudson Railroad Company and the State, a creditor and bondholder, under the authority of an act of the Legislature, whereby the State agreed to take ten cents on the dollar, is not binding on the other creditors and bondholders of the corporation, and the liquidator can not set up in bar to the right of other creditors to recover, that he has entered into a compromise with the State at ten cents on the dollar.

The fact that the State has seen proper to compromise her claim against the company, with the stockholders, at ten cents on the dollar, furnishes no reason why the other creditors should be barred from collecting the whole amount of their claims.

The cancellation of the mortgage, as follows, "this mortgage has been canceled on the original by the receipt of Charles McVea, liquidator, as far as the State is concerned," is not a cancellation of the mortgage as to other creditors. In making such inscription on the face of the mortgage, the liquidator acted only on behalf of the State, under a special statute, and his act did not affect the other mortgage creditors of the insolvent corporati.n,. whom he did not represent.

APPEAL from the Fifth District Court, parish of East Feliciana. *Posey*, J. *McVea & Kilbourne*, for plaintiff and appellant. *Muse & Philips* and *Cross & Hardee*, for defendant and appellee.

Wyly, J. This is a suit to collect $21,200 on a mortgage given by the defendant to secure two hundred and twelve shares of stock subscribed by him to the Clinton and Port Hudson Railroad Company, as well as to secure the payment of any loans effected or to be effected by said company, as contemplated in its original charter, and also by the act amending the same, approved fifteenth February, 1837.

The defendant excepted to the action, on the ground that the liquidator had entered into an arrangement with him, pursuant to the act of 1858, in which he received ten per cent. of the amount of his subscription of stock in payment of the mortgage, and that said liquidator canceled the same, whereby he is estopped and absolutely barred from instituting this demand on the same mortgage.

He also excepted on the ground that, under the acts of the Legislature providing for the appointment of a liquidator of the Clinton and Port Hudson Railroad Company, the power of the liquidator extends to the collection of the assets and subscriptions of stock only

for the payment of the debts of the corporation; that there are now no debts to be paid; that the judgment in suit No. 1169, entitled Gas Light Company *v.* Haynes, Liquidator, by virtue of which said company claims to be a creditor, has long since been prescribed, more than ten years having elapsed since its rendition, and no revival thereof being made, according to law.

The exception was sustained by the court and plaintiff's demand was dismissed, on the ground that there are no debts due by the insolvent corporation, in the opinion of the court, the judgment in the suit styled New Orleans Gas Light Company *v.* B. Haynes, Liquidator, being prescribed.

The plaintiff has appealed.

We can not concur in the opinion arrived at by the learned judge. The act of 1853 makes the prescription of ten years applicable to judgments for money, and provides the only means by which their extinguishment from that cause can be averted.

The characteristics of a money judgment may be ascertained from article 3289 of the Civil Code and articles 628 and 641 of the Code of Practice. Tested by these, we do not think the judgment entitled The Gas Light Company *v.* B. Haynes, Liquidator, is a money judgment. That judgment is for no specific sum in money, it simply orders the liquidator to recognize the bonds and coupons held by the plaintiff therein and to proceed forthwith "to collect of said mortgage stockholders and their legal representatives" sufficient funds to pay the plaintiff therein and the other bondholders.

This is not such a judgment as would create a judicial mortgage on being recorded in the mortgage office, nor is it a judgment for a sum of money entitling the party in whose favor it was rendered to the writ of *fieri facias;* it simply directs that certain things shall be done. C. P. 628.

In reference to the plea of estoppel urged in this case, we can not agree with the counsel of the defendant.

The transaction or compromise of the claim of the State made with the defendant by the liquidator, pursuant to the act of 1858, only bars him from enforcing the mortgage to raise funds to pay the State, it does not affect the other creditors of the insolvent corporation, nor does it estop the liquidator from pursuing the subscribers of stock on their mortgages, for the purpose of raising funds for the payment of the other creditors.

Because the State saw fit to compromise her claim for ten cents on the dollar with the stockholders, and because the plaintiff carried out that agreement for the State, as was his duty under the act of 1858, is no reason why the plaintiff should be barred from collecting funds from the subscribers of stock to pay the Gas Light Company, as ordered by the court.

By the act of the ninth of March, 1858, the State only undertook to compromise her own claim, leaving unimpaired the rights of all the other creditors. Had she undertaken to adjust their rights in the premises it could not have produced any legal or binding effect upon them.

The mortgage was not canceled as alleged by the defendant. We find in the record this indorsement on the recorded mortgage: "This mortgage has been canceled on the original by the receipt of Charles McVea, liquidator, as far as the State is concerned." * * *

In making the compromise and in making the inscription above quoted on the face of the mortgage, Charles McVea acted only in behalf of the State, under a special statute. He did not represent the other creditors of the insolvent corporation, and his act, as to them, has not the force of the thing adjudged; it does not estop him from collecting funds on the stock mortgages to pay the Gas Light Company.

It is therefore ordered that the judgment dismissing plaintiff's demand in the exception of the defendant be avoided and annulled, and it is ordered that this case be remanded to be proceded in according to law, and that appellee pay costs of appeal.

Rehearing refused.